1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

# DISTRICT OF NEVADA

7
8

LORIN F. SCHNEIDER,

9

        Plaintiff,

Case No.  2:12-cv-01375-JAD-GWF

10

vs.

**ORDER**

11

SOCIAL SECURITY ADMINISTRATION

Motion for Attorney Fees, Costs, and
Expenses Under the Equal Access
to Justice Act (#35)

12

        Defendant.

13
14

      This matter is before the Court on Plaintiff Schneider's Motion for Attorney Fees, Costs,

15

and Expenses Under the Equal Access to Justice Act ("EAJA") (#35), filed on March 31, 2014.  No

16

opposition was filed in this matter.

17

      This case arises out of Plaintiff's action to review the final decision of the Commissioner of

18

the Social Security Administration denying her claim for disability benefits under the Social

19

Security Act.  The Court entered a judgment reversing the determination of the Commissioner.  *See*

20

*Dkt. #32.*  Plaintiff now moves the Court for attorney fees, costs, and expenses pursuant to the

21

EAJA.

22

      Under the Equal Access to Justice Act:

23
24
25
26

> a Court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

27

*See* 28 U.S.C. § 2412(d)(1)(A); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010).

28

"[F]ees and other expenses" include "reasonable attorney fees."  *See* 28 U.S.C. § 2412(d)(2)(A).

1    If no reasonable basis in law and fact exists for the government's position with respect to

2    the issue on which the court based its remand, EAJA fees are warranted. *See Flores v. Shalala*, 49

3    F.3d 562, 569-71 (9th Cir. 1995) (finding that the government's position was not substantially

4    justified when the ALJ failed to consider a relevant vocational report); *see also Hardisty*, 592 F.3d

5    at 1079; *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002). "Whether the claimant is

6    ultimately found to be disabled or not, the government's position at each stage must be

7    'substantially justified.'" *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998); *see also Shafer v.*

8    *Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (concluding that government's defense of the ALJ's

9    procedural errors was not substantially justified); *Lewis*, 281 F.3d at 1085. If the claimant wins at

10   any intermediate stage of the proceedings, he is considered a "prevailing party" for EAJA purposes

11   even though there may not have been an ultimate disposition of the disability claim. *See Corbin*,

12   149 F.3d at 1053.

13   Similar to *Flores*, here the Court found that the ALJ failed to consider the effect of

14   environmental restrictions on Plaintiff's residual functional capacity and therefore erred in relying

15   on the Medical Vocational Guidelines to conclude that Plaintiff was not disabled. *See Dkt. #31* at

16   12. The Court remanded Plaintiff's case "for further administrative proceedings, including the

17   obtaining of vocational expert testimony, to determine whether there are sedentary jobs available in

18   sufficient numbers in the national economy that Plaintiff can perform in light of the environmental

19   restrictions on his residual functional capacity." *See Dkt. #32*. The Court therefore finds that the

20   position of the Commissioner was not substantially justified and that Plaintiff is a prevailing party

21   entitled to an award of fees.

22   The point at which a party must apply for Equal Access to Justice Act fees in social security

23   disability proceedings depends on which kind of remand the district court orders. If a district court

24   enters a judgment reversing and remanding under sentence four, a claimant must apply for fees

25   within 30 days of the date the judgment becomes final, but if the district court remands under

26   sentence six, the claimant cannot apply for fees until completion of the post-remand proceedings.

27   *See* 28 U.S.C. § 2412(d)(1)(B); *see also Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). The

28   30-day limitation for filing a fee application under EAJA is jurisdictional in nature, such that the

1    EAJA time limitation, as opposed to a statute of limitations, is not subject to equitable tolling or

2    waiver. *See* 28 U.S.C.A. § 2412(d)(1)(B); *see also Robbins v. Barnhart*, 192. F.Supp.2d 1211,

3    1213 (D.Kan. 2002). A judgment becomes final when the appeal time expires. *See Melkonyan v.*

4    *Sullivan*, 501 U.S. 89, 101 (1991); *see also* 28 U.S.C. § 2412(d)(2)(G); *see also Robbins v.*

5    *Barnhart*, 192. F.Supp.2d 1211, 1211 (D.Kan. 2002). Because the prescribed appeal period in Rule

6    4(a) for cases in which the United States is a party is 60 days, a judgment in a social security case is

7    no longer appealable when the 60-day period has run. *See Hoa Hong Van v. Barnhart*, 483 F.3d

8    600, 607 (9th Cir. 2007).

9    The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to

10    enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

11    reversing the decision of the Commissioner of Social Security, with or without remanding the cause

12    for a rehearing." Therefore, a "sentence four" remand should result in entry of a final judgment by

13    the district court, at which point the claimant is a prevailing party. *See Shalala v. Schaefer*, 509

14    U.S. 292, 302 (1993).

15    The circumstances of this case make clear that the district court's remand with instructions

16    to consider environmental restrictions was issued pursuant to sentence four. The district court

17    reversed the Secretary's decision because the Secretary incorrectly failed to consider all the

18    evidence presented. The remand here was not a sentence-six remand. As the Court explained in

19    *Schaefer*, sentence-six remands may be issued only in two situations: "where the Secretary requests

20    a remand before answering the complaint, or where new, material evidence is adduced that was for

21    good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

22    Here, the final judgement was entered on January 21, 2014. *See Dkt. #32*. Therefore the

23    judgment in this case became final on March 24, 2014. Plaintiff filed her request for EAJA fees on

24    March 31, 2014, well within the 30-day period prescribed by 28 U.S.C. § 2412(d)(1)(B).

25    Unlike fees under the Social Security Act, which are limited to a percentage of the awarded

26    benefits, Equal Access to Justice Act fees are calculated under the lodestar method by examining

27    the attorney's reasonable hours expended and his reasonable hourly rate. *See Astrue v. Ratliff*, 560

28    U.S. 586, 601 (2010). Under the EAJA, attorney's fees are set at the market rate, but capped at

$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rate in the Ninth Circuit under the EAJA, adjusted for increases in the cost of living is $187.02 for 2014 and 2013 and $184.32 for 2012. Furthermore, the Supreme Court has held that paralegal fees are recoverable at the prevailing market rate as part of an award of "attorneys' fees" under the Equal Access to Justice Act. *See Richlin Security Service Co. v. Chertoff*, 503 U.S. 571, 590 (2008). The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party "unduly and unreasonably protracted" the final resolution of the case. *See* 28 U.S.C. § 2412(d)(1)(C), 2412(d)(2)(D).

Counsel for Plaintiff submitted a breakdown of the hours billed on this case, which indicated that his firm has invested 19.4 hours in attorney time (.09 hours in 2012, 15.50 hours in 2013, and 3 hours in 2014) and 3.8 hours in paralegal time in the representation of Plaintiff. A survey of fee awards for the EAJA found that 33.75 hours of attorney time was typical and reasonable for a Social Security case. *See Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 (C.D.Cal. 2000). Therefore, counsel's time billed in this action appears to be in line with the normal amount of attorney hours spent on a Social Security benefits case.

Counsel's hourly rates range from $287.00 to $587.00 per hour for matters taken on a time-expended basis. Counsel also indicated that the firm normally bills paralegal time at $137.00 per hour for EAJA purposes. In support of this hourly rate, Plaintiff submitted the *United States Consumer Law Attorney Fee Survey Report* for 2010-2011, which establishes that the average market rate for paralegals in California through 2011 was $137.00 per hour. *See Dkt. #35-2* at pg. 14. Based on the lodestar method, the Ninth Circuit's maximum hourly rate for attorneys and the *United States Consumer Law Attorney Fee Survey Report*, the services rendered in this matter

. . .

. . .

4

1   amount to $4,146.36.[1]  Therefore, Plaintiff has demonstrated that an award of $4,146.36 is

2   reasonable.

3          The Treasury Offset Program was extended to EAJA awards in 2005.  *See* Plaintiff's

4   *Petition for Writ of Certiorari*, No. 08-1322 in *Astrue v. Ratliff* at pg. 3-4 subsection (1)(b).

5   Therefore, after the Court issues an order for EAJA fees to Lorin F. Schneider, the government will

6   consider the matter of Lorin F. Schneider's assignment of EAJA fees to Marc V. Kalagian.  The

7   retainer agreement containing the assignment is attached to Plaintiff's motion as Exhibit 35-3.

8   Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will

9   depend on whether the fees are subject to any offset allowed under the United States Department of

10  Treasury's Offset Program ("TOP").  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (holding that a

11  § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to

12  satisfy a pre-existing debt that the litigant owes to the United States).  After the order for EAJA

13  fees is entered, the government will determine whether they are subject to any offset.

14         Here, counsel for Plaintiff argues that the government waived its right to offset Plaintiff's

15  award by failing to raise the issue in the present case.  *See Dkt. #35* at 12.  Counsel cites *U.S. v.*

16  *$186,416.00 II*, 722 F.3d 1173, 1176 (9th Cir. 2013), wherein the Court held that the government

17  waived any argument that the prevailing claimant's assignment to its attorney of a fee award in a

18  civil forfeiture action was invalid under the Anti-Assignment Act, where the government only

19  mentioned the Act in its reply brief, and did not explain the Act's application to the case.  The

20  Court, however, fails to see how *$186,416 II* carries legal import in the present proceedings. First,

21  in *$186,416 II*, the attorney sought an award of attorney fees in a forfeiture action pursuant to the

22  Civil Asset Forfeiture Reform Act ("CAFRA"), whose language and intent the Court found was not

23  consistent with the EAJA.  Secondly, in *Garcia v. Colvin*, No. 1:11-cv-01965-SKO, 2013 WL

24  5347494 (E.D.Cal. September 23, 2013), which is a Social Security case on point dealing with

25  EAJA fees, the Court declined to extend the rationale in *$186,416 II*, and instead ordered pursuant

26

27          _____

28          [1]  Attorney's Fees ( $187.02 x 15.5 hours = $2,898.81 + $184.32 x .9 hours = $165.89 + $187.02 x 3 =
    $561.06 for a total of $3,625.76) plus paralegal fees ( $137 x 3.8 = $520.60) for a total of $4,146.36.

5

to *Ratliff* that the award of EAJA fees be paid directly to the Plaintiff, noting that the government

could, after subtracting any offset, waive the requirements of the Assignment of Claims Act and

make payment directly to the Plaintiff's counsel.  Third, pursuant to *Ratliff*, the plaintiff is normally

awarded the fees, subject to any offset for applicable government debts.  *Id*. at *9.  Lastly, in the

Plaintiff's *Petition for Writ of Certiorari* in *Astrue v. Ratliff*, the government indicated that,

> [t]he Department of the Treasury, through the Financial Management Service
> (FMS), operates a centralized delinquent debt collection program known as the
> Treasury Offset Program.  When a federal agency requests that Treasury pay a
> government obligation, the offset program compares the payee's name and taxpayer
> identifying number to the names and taxpayer identifying numbers on delinquent
> debts that federal and state agencies have certified to Treasury as valid, delinquent,
> and legally enforceable.  If the payee is matched to such a debt, the government's
> payment may be reduced to satisfy the debt pursuant to pertinent authority.  *See*
> generally, *e.g.*, 5 U.S.C. 5514 (reductions from federal salary); 26 U.S.C. 6331 (levy
> for federal tax debts), 6402(c)-(e) (reductions from tax refunds); 31 U.S.C. 3716
> (administrative offset for non-tax debts), 3720A (reductions from tax refunds); 26
> C.F.R. 301.6331-1(tax levy); 31 C.F.R. 285.1-285.8 (offset regulations).  In January
> 2005, FMS extended its offset program to so-called "miscellaneous" payments,
> which include government payments for EAJA awards.

*See* Plaintiff's *Petition for Writ of Certiorari*, No. 08-1322 in *Astrue v. Ratliff* at pg. 3-4 subsection

(1)(b).[2]  Based on the FMS operating procedures described above, federal agencies only receive

notice of a claimant's delinquent debts after requesting the Treasury pay a government obligation.

The government, therefore, does not receive information pertaining to a claimant's delinquent debts

until after a judgement is entered, rendering the Treasury to pay a government obligation.

Therefore, the Court does not agree with Plaintiff's argument and instead finds that Plaintiff's

award of fees pursuant to the EAJA is subject to the government's offset.

   As such, fees shall be made payable to Lorin F. Schneider, but if the Department of the

Treasury determines that Lorin F. Schneider does not owe a federal debt, then the government shall

cause the payment of fees, expenses and costs to be made directly to the Law Offices of Rohlfing &

Kalagian, LLP, pursuant to the assignment executed by Lorin F. Schneider.  *See Astrue v. Ratliff*,

560 U.S. 586, 589 (2010) (the Government most often paid EAJA fees directly to attorneys in cases

in which the prevailing party had assigned its rights in the fees award to the attorney); *see also Ray*

---

[2] Plaintiff's *Petition for Writ of Certiorari* can be found at http://www.justice.gov/osg/briefs/2008/2pet/7pet/2008-1322.pet.aa.pdf.

1   *v. Colvin*, 2013 WL 5673413, *2 (C.D. Cal. 2013) (citing cases and directing that attorney's fees

2   subject to any debt offset, be paid directly to plaintiff's counsel).  Any payments made shall be

3   delivered to Marc V. Kalagian.  Accordingly,

4       **IT IS HEREBY ORDERED** that Plaintiff Schneider's Motion for Attorney Fees, Costs,

5   and Expenses Under the Equal Access to Justice Act ("EAJA") (#35) is **granted** in part.  Plaintiff

6   is entitled to an award of fees in the amount of $4,146.36.  Plaintiff's award, however, is subject to

7   government offset pursuant to the above discussion.

8       **IT IS FURTHER ORDERED** that the Commissioner shall pay $4,146.36 to Lorin F.

9   Schneider, but if the Department of the Treasury determines that Lorin F. Schneider does not owe a

10  federal debt, then the government shall cause the payment of fees to be made directly to Marc V.

11  Kalagian as authorized by 28 U.S.C. § 2412(d) and in accordance with the above discussion.

12      DATED this 27th day of August, 2014.

13

14                                _____

15                                GEORGE FOLEY, JR.

                              United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28